## Commonwealth v. Crowl

*S. F. Bonavita*, for Commonwealth.

*C. Henry Nicholson*, for defendant.

FLICK, P. J., June 28, 1963.—The record of defendant's conviction of speeding after a hearing before a justice of the peace is before the court on certiorari and his motion to quash the complaint raises a perplexing procedural question not dealt with in any reported case.

The ground stated in defendant's motion is that "the Justice failed to file a notice in writing of the filing of the Information" as required by the Act of April 29, 1959, P. L. 58, 75 PS §732, wherefore no jurisdiction

was acquired over the person of the defendant. The record facts pertinent to defendant's claim are as follows:

1. An information charging defendant with speeding in violation of The Vehicle Code was filed with Fred Ludwick, justice of the peace. An information charging defendant with use of loud mufflers was filed at the same time and is mentioned here because the notice refers to both charges.

2. The following day the justice of the peace sent copies of both informations to defendant by registered mail, together with a paper on which was written the following: "Please appear before me within 10 days or send fine $10.00 and costs $5.00 for each offense or $30.00 total. Fred Ludwick, J. P." This information was received by defendant the day after it was mailed.

3. After receipt of this notice as to the information filed against him, defendant communicated with the justice and it was agreed that hearings on both charges would be held two weeks later. At the agreed time defendant appeared before the justice of the peace with his attorney who entered a special appearance objecting to the jurisdiction of the justice over the person of the defendant and the subject matter.

4. Two members of the Pennsylvania State Police testified for the Commonwealth, represented by the district attorney, one being the driver of the State car which clocked defendant's vehicle, and the other a passenger in the State car, the officer who filed the information. They testified that defendant was clocked at a speed of 80 miles per hour, the speed limit being 50 miles per hour.

5. Defendant and his counsel were given an opportunity to cross-examine the witnesses for the Commonwealth and to put in a defense. They did neither, and at the close of the testimony defendant's counsel moved to quash the complaint and that defendant be discharged for the reason that the justice failed to file "a notice in

writing of the filing of the information" as required by law (75 PS §732), wherefore no jurisdiction was acquired over the person of the defendant.

6. The motion was denied and the justice gave his decision, finding defendant guilty of speeding as charged and imposing the statutory fine of $10. The transcript shows that the costs of the justice are $5.

7. Defendant filed a petition in the court of common pleas for allowance of writ of certiorari on which a rule was granted. The justice caused a transcript of the proceeding before him to be made, certified it to be correct, and delivered it to the district attorney who filed the same in the proceeding in the court of common pleas.

8. After a hearing in this court, at which the foregoing facts were reviewed, counsel for defendant filed a motion now before the court, to wit, a motion to quash the complaint and discharge defendant "for the reason that the Justice failed to file 'a notice in writing of the filing of the Information' as required by law (75 PS §732) wherefore no jurisdiction was acquired over the person of the Defendant."

9. Defendant's claim that the justice did not have jurisdiction over the subject matter is abandoned.

10. Defendant's sole objection to the notice sent by registered mail and received by him is that it bears no date and therefore does not comply with the provisions of section 1202 of The Vehicle Code, as amended, 75 PS §732, in force at the time of the alleged offense.

### Discussion

Section 1202 of The Vehicle Code, as amended, 75 PS §732, provides:

"(a) Summary proceedings under this act may be commenced . . . by the filing of information, which information must be filed in the name of the Commonwealth, and, within the period of seven (7) days after

information has been lodged, the magistrate shall send by registered or certified mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

" (1) If the person named in the information ... shall not voluntarily appear within ten (10) days of the date of the written notice ..., a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed ..."

No appellate court decision discussing the nature and effect of the notice required by the foregoing section of The Vehicle Code can be found but there are a number of lower court cases which define the nature of this notice. A typical example is found in the Dauphin County case of Commonwealth v. Proie, 66 Dauph. 4, in which the court said, page 6:

"In our opinion, the effect of a notice sent a defendant accused of a traffic violation under Section 1202 (a) is not to confer jurisdiction over his person or over the subject matter, but merely to give him an opportunity voluntarily to appear and thereby avoid the necessity for the issuance of a warrant for his arrest."

Other cases holding that the notice does not confer jurisdiction are as follows: " 'If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice', the code provides for the issuance and service of a warrant: Section 1202 (1). The purpose of this provision, and of the notice therein provided for, was to give defendant an opportunity to appear voluntarily and thereby avoid the necessity for a warrant and an arrest.

"The effect of the notice under this section is not to give the magistrate jurisdiction of the person of defendant as is the case where a summons is served upon

defendant in a civil action, and a failure to comply with the notice does not result in a default so far as the subject matter of the case is concerned; it merely results in the use of process to secure jurisdiction of his person. That which gives the magistrate jurisdiction of defendant is his voluntary appearance and not the fact of the notice being mailed to him.": Commonwealth v. Maun, 68 D. & C. 288, pages 290 and 291. The foregoing is quoted with approval in the case of Commonwealth v. Piper, 28 D. & C. 2d 560, 562. See also Commonwealth v. Schuster, 82 D. & C. 41, 44. Also Commonwealth v. Benner, 85 D. & C. 570, where the court says on page 572: "The notice required under this section is not a process by which the justice of the peace acquires jurisdiction but it is merely a notice to give defendant an opportunity to appear voluntarily and thereby avoid the necessity of a process."

The decisions are conflicting on the question of whether defendant can disclaim jurisdiction on the ground that the notice received by him was defective, after he has appeared before the justice, waived a hearing and posted bond for appearance in the court of quarter sessions. One line of cases is represented by Commonwealth v. Jiras, 4 D. & C. 2d 655, in which the notice was defective in that it was dated March 6th notifying defendant to appear on or before March 16th, whereas the information was made on March 31st for a violation of The Vehicle Code which occurred on March 27th. The notice was sent by registered mail on April 6th and received on April 7th. A warrant was served on defendant at his request and a date set for hearing at which time defendant and his counsel appeared, waived a hearing and posted bond for appearance for trial in the Court of Quarter Sessions of Dauphin County. Citing many lower court decisions in support of its ruling, the court held that the notice related only to the manner of acquiring jurisdiction over defendant's person, i.e.,

by voluntary appearance within 10 days or by service of a warrant if defendant failed to appear, and that when defendant requested issuance of a warrant, appeared before the justice and waived hearing, "he must be held to have submitted his person to the jurisdiction of the justice of the peace: Cf. Commonwealth v. Caserta, 177 Pa. Superior Ct. 461, 466. (1955)." Defendant's petition to dismiss the proceedings and discharge him was therefore refused.

The other line of cases is represented by Commonwealth v. Heim, 18 D. & C. 2d 404, in which the notice was defective in that it was sent to the defendant on March 16th and notified him to appear on or before March 20th. The report of this case does not show the date which appeared on the notice but apparently it was presumed that such date was March 16th and did not comply with the provisions of The Vehicle Code because defendant was not notified to appear within 10 days of that date. After receiving the notice defendant appeared at the office of the justice of the peace, posted a bond and waived a hearing for the matter to be heard in the court of quarter sessions. At the trial defendant moved to quash the proceedings on the ground that the notice failed to give him 10 days in which to appear. The court reviewed the line of cases culminating in Commonwealth v. Jiras, supra, but cited several cases holding the other way, and 4 P. L. Encyc. 652 §360, as authority for its ruling, and granted the motion to quash saying, page 408: ". . . we are inclined to side with that line of cases which hold that a defective notice to appear is more than a procedural irregularity and that the same may be attacked in the court of quarter sessions even though defendant appeared before the justice, waived a hearing and gave bond for his appearance in court . . .".

Neither of the foregoing line of decisions is controlling in the instant case because the cases above referred

to deal with a situation which does not exist in the instant case. In the Jiras case and the Heim case the notice was defective but the defendant did not raise this point before the justice. He appeared voluntarily, waived a hearing and filed bond for appearance in quarter sessions. In the instant case, when defendant appeared before the justice he entered a special appearance objecting to the jurisdiction of the justice of the peace over his person, and with the record before the court of common pleas on certiorari defendant moved to quash the proceeding on the ground that the notice received by him was defective in that it was undated and therefore did not comply with the provisions of The Vehicle Code.

This court would be inclined to follow the ruling in Commonwealth v. Jiras, supra, but in that case the court said, page 660:

"Jurisdiction of the person of defendant could be and was conferred in this case by consent." In the instant case defendant entered a special appearance before the justice of the peace, denying personal jurisdiction over him. The effect of such an appearance was not to consent to jurisdiction but amounted to a refusal to consent to jurisdiction. Had there been a consent to jurisdiction in the instant case, by general appearance, with a hearing before the magistrate contesting the charge against him, or a waiver of such hearing and posting a bond for trial in the court of quarter sessions, this court would follow the line of cases culminating in Commonwealth v. Jiras, supra. The fact that the notice was undated would be considered a defect which was waived by defendant and the court would have found that jurisdiction of the person of defendant was conferred by consent. However, such is not the fact in the instant case. Both lines of cases, those holding that a defective notice is not waived by defendant's appearance, and those holding that the defective notice is waived,

agree with the following statement from Commonwealth v. Jiras, supra, page 656:

"It is provided in this section of the code (1202-1)[1] that: 'If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue . . .'

"One of the purposes of the provisions of this section concerning notice is to give defendant an opportunity to appear voluntarily, thereby avoiding the inconvenience and embarrassment of being subject to arrest on a warrant."

In the instant case defendant chose not to submit to jurisdiction so as to avoid the inconvenience and embarrassment of arrest, and a warrant for his arrest could have been issued to obtain jurisdiction. If the justice had taken the special appearance for what it was, i.e., a refusal to submit to jurisdiction voluntarily, and had issued a warrant after 10 days, then, in the court's opinion, defendant would have had no valid ground for his motion to quash.

However, the notice in this case did not comply with the provisions of The Vehicle Code. Defendant pointed this out and refused to consent to jurisdiction. No warrant was issued to obtain jurisdiction. Defendant did nothing which amounted to a waiver of the defect in the notice. Therefore, the justice of the peace did not have jurisdiction over the person of defendant and his decision cannot be sustained. No doubt this is a miscarriage of justice because the testimony shows that defendant exceeded the speed limit, but such may inevitably be the case when law enforcement officers do not comply with the provisions of The Vehicle Code.

In the court's opinion the duty of the justice in this case was clear. When defendant's counsel entered a special appearance, he should have been informed that the purpose of the notice was to give defendant a chance to submit to jurisdiction so that a warrant would not

have to be issued on the charge filed against him. As the notice was not dated, defendant would have 10 days after receipt thereof in which to consent to jurisdiction in order to avoid arrest. The justice should have informed defendant that, under the provisions of The Vehicle Code, a special appearance could not be entered, that defendant had 10 days from receipt of the notice in which to appear generally, submitting to jurisdiction, or a warrant would be issued for his arrest. If defendant then did not submit to jurisdiction a warrant could properly issue for his arrest, and defendant could not then object to the fact that the notice was undated, for he had refused the opportunity offered to him by The Vehicle Code. As the issue was properly brought before the court on certiorari, defendant's motion to quash the complaint must be granted and the judgment of the justice of the peace is reversed and set aside.

Wherefore the court makes the following order:

### Order

And now, June 28, 1963, for the reasons stated in the foregoing opinion, defendant's motion to quash the complaint is granted; the decision of the justice of the peace finding defendant guilty of speeding is reversed, and defendant is discharged.

Costs of this proceeding are to be paid by Warren County.